*Hord* for plaintiff : *Morehead & Reed* for defendant.

---

WRIT OF ERROR *coram vobis.*

## Masters, Murphy, & Reynolds *vs* Martin's Heirs.

APPEAL FROM THE JESSAMINE CIRCUIT.

Case 54.

*Writ of Error coram vobis.    Parties.*

October 17.

JUDGE EWING delivered the opinion of the Court.

The causes of error.

THE appellants exhibited their petition in the Circuit Court, with a specification of facts appended, and sued out thereon their writ of error *coram vobis*, against the appellees, in which they, in substance, charge that the appellees had instituted an action of ejectment against Masters and Murphy, and numerous other occupants, within the bounds of a large survey, claimed by the appellees ; that the said Masters and Murphy were the mere tenants of Henry Reynolds, and held possession under him, and within the bounds of his claim ; that before the trial of the ejectment, the suit was discontinued as to all the land claimed by Henry Reynolds, within the bounds of the appellee's survey, and they were no longer parties to the proceeding.   That the other defendants having succeeded, Martin's heirs sued out a writ of error to this Court, and upon the trial thereof, this Court reversed the judgment as to Masters and Murphy and others of the defendants below.   That upon the return of the cause to the Circuit Court, Martin's heirs had a trial and took judg-

MASTERS &c.
vs
MARTIN'S HEIRS.

ment against Masters and Murphy when they were not present or parties to the suit, and sued out a writ of possession and have turned them out of possession. They, with Henry Reynolds their landlord, pray an inquiry into the facts charged, and if found true, that the judgment may be set aside and annulled, the *habere facias possessionem* quashed, and a writ of restitution awarded them. The Circuit Court having sustained a demurrer to the facts charged, the plaintiffs have appealed to this Court.

If the facts charged be true, the appellants were entitled to the redress they sought, and being admitted as true upon the demurrer, it ought not to have been sustained. A discontinuance of the suit of Martin's heirs as to *all* the *land claimed* by Henry Reynolds, was in effect, a discontinuance as to Masters and Murphy, and as to their possessions, if they were the mere tenants of Reynolds, and they were placed by such discontinuance *dehors the controversy*, and were no longer, in fact, parties to the suit, or bound to give further attention to the defence any more than if they had never been sued. If they were out of the controversy, a judgment for the defendants generally, in the first trial, was not a judgment in their favor, and could not be so construed; and if the judgment was not in their favor, a writ of error ought not and could not *rightfully* be sued out against them, to *reverse* the same, since as to them there was no judgment to reverse.

And it may be presumed, if the facts charged be true, that it was not sued out against them in either of the four consolidated cases, and that they were not made parties in this Court; and if they were not, though amid the numerous defendants, this Court not observing that they were not made defendants, reversed the judgment as to them, the reversal itself is void, as they were not parties, and could not have the effect to reinstate the case in the Circuit Court as to them, and of course the subsequent trial and proceedings in that Court were void, and being void, the judgment should be set aside and annulled, the writ of possession quashed, and restitution awarded.

Whether they were or were not parties in this Court, can be shown on an issue upon the facts charged.

*Suit in ejectm'nt against several, dismissal as to part who claim under a separate title, is placing them without the contest, and they are not parties to any judgment against other defendants; and no writ of error lies for or against them. And if they be improperly made parties to such suit, and the judgment for defendants reversed, it is erroneous, and any proceeding under it should be quashed.*

But whether the suit was discontinued as to them or not, if they were made parties to the writs in this Court, and were served with process or appeared, then the reversal as to them had the effect to reinstate the cause as to them in the Circuit Court, upon its return to that Court; and though they did not appear and make defence on the second trial, the judgment or subsequent proceedings are not absolutely void, and they cannot obtain redress in this form of proceeding, but their remedy, if any, or that of their landlord, is by action of ejectment, upon their or his title or possession, or by bill in Chancery for a new trial.

As upon the demurrer to the facts charged, it is admited and must be taken as true, that Masters and Murphy were not, in fact, parties to the second trial, the demurrer should have been overruled.

Judgment reversed and cause remanded, that the demurrer of Martin's heirs may be overruled and further proceedings had.

*Hewitt* for appellants: *Harlan & Craddock* for appellees.